IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| LAURI JEANNE WEBER, | ) | |
| | ) | CASE NO. BK11-82940-TLS |
| Debtor(s). | ) | A12-8010-TLS |
| LAURI JEANNE WEBER, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, INC, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the debtor's motion for summary judgment (Fil. No. 4). No resistance was filed. Erin M. McCartney represents the debtor. No appearance was made for the defendant. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

This adversary proceeding was filed to avoid a junior lien on the debtor's real property. The debtor asserts there are three liens on the debtor's home. The first lien is held by MetLife Home Loans on a loan originally made by First Horizon Home Loan Corp. MetLife has filed a secured claim in the amount of $124,436.25. According to the debtor, Portfolio Recovery Associates, LLC, holds a second lien against the property in the amount of $3,011.00, and CACH, LLC, holds a third lien in the amount of $18,640.99. Neither of those creditors has filed a proof of claim for this debt. The debtor values the property at $118,000.00 in accordance with an appraisal performed at her request on December 8, 2011. Accordingly, the debtor asserts that, based on the lack of equity in the property, the second lien is wholly unsecured under 11 U.S.C. § 506(a) and is void under § 506(d).

The following facts are uncontroverted:

1. The plaintiff is the debtor in this Chapter 13 proceeding.

2. The plaintiff is the owner of real property legally described as Lot 4, Avalon North Replat One, a subdivision in Douglas County, Nebraska, commonly known as 10808 Potter Street, Omaha, NE 68142.

3. The above-described property has at all relevant times been the personal residence of the plaintiff herein.

4. MetLife Home Loans holds the first lien against the real property in the approximate amount of $124,436.25.

5. Portfolio Recovery Associates, LLC, is alleged to hold a second lien against the property in the approximate amount of $3,011.00.

6. CACH, LLC, is alleged to hold a third lien against the property in the approximate amount of $18,640.99.

7. Based on an appraisal conducted at the debtor's request on December 8, 2011, the property is valued at $118,000.00.

8. Upon information and belief, the second and third liens are wholly unsecured.

9. The plaintiff filed this adversary complaint on February 2, 2012.

10. Summons and the complaint were served on February 3, 2012, on the defendant's CEO at the corporate address.

11. The time for filing an answer or other response expired on March 4, 2012.

12. No answer or other response has been filed or served by the defendant.

Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior lienholder where there is no equity securing the security interest in the property. *Fisette v. Keller (In re Fisette)*, 455 B.R. 177 (B.A.P. 8th Cir. 2011).

The analysis was explained in *Fisette*:

> [T]he Sixth Circuit Court of Appeals provided a helpful summary of the position we follow in this case:
> The message, to recapitulate, is this:
> — Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;
> — Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;
> — Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"
> — If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim"

and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;
— If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification by the plan.

*Fisette*, 455 B.R. at 183-184 (quoting *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 669 (6th Cir. 2002)).

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

There are no material facts in dispute here. The debtor may strip off the wholly unsecured junior lien held by Portfolio Recovery Associates, Inc., for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiff completes the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiff's residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiff successfully completes the Chapter 13 plan.

IT IS ORDERED: The plaintiff-debtor's motion for summary judgment (Fil. No. 4) is granted. Separate judgment will be entered.

DATED:  April 19, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Erin M. McCartney
    U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.